### HAINES *v.* THOMPSON *et al.*

(*City Court of New York, General Term.* May 25, 1892.)

STATUTE OF FRAUDS—CONTRACTS NOT TO BE PERFORMED WITHIN A YEAR.

    A contract by an actress to render services, entered into in June, 1888, and to continue so long as the success of the play continues, the season of the play having terminated within a year, was not within the statute of frauds.

Appeal from trial term.

Action by Annie Haines against Denman Thompson and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before McGOWN, NEWBURGHER, and McCARTHY, JJ.

*E. Browne,* for appellants. *Dittenhoefer & Gerber,* for appellee.

McGOWN, J. Judgment was entered herein against the appellants, on the verdict of a jury, at trial term, for the sum of $1,038.87, on November 12, 1891, in favor of respondent. At the close of the trial defendants' counsel moved to set aside the verdict, and for a new trial, on all the grounds mentioned in section 999 of the Code; and on the 7th day of December, 1891, on application of counsel for defendants, an order was duly made by Justice VAN WYCK, and entered, denying in all respects defendants' motion for a new trial. From this order denying the motion for a new trial, defendants appeal.

The plaintiff herein seeks to recover damages for a wrongful discharge. She alleges in her complaint that on or about the month of June, 1888, the defendants hired and engaged her to render her services as a member of a company performing the play known as "The Two Sisters," and that the hiring and employment of the plaintiff was for the theatrical season of the said "Two Sisters Company," which commenced on or about the 23d day of August, 1888, and ended on or about the 1st day of June, 1889, at a salary of $35 per week, which hiring and engagement plaintiff accepted; that she entered upon the performance of her duties, and rendered her services from the 23d day of August, 1888, until the 22d day of December, 1888, on which day the defendants

without cause, and against her consent, wrongfully discharged her; and claims damages in the sum of $822.50, and interest. The defendants in their answer admit that they were jointly interested in said play, and also admit the hiring in the month of June, 1888, and as a defense allege: "(3) As a further * * * defense, * * * said defendants allege that at or about the times mentioned in the complaint said plaintiff was engaged * * * at a salary of $35 per week; that said engagement was for no definite period, but was to continue at the pleasure of these defendants, and was a weekly hiring; that these defendants, on or about the 22d day of December, 1888, terminated said engagement, as they had a right to do." So that the only issue raised by the pleadings, and to be passed upon by the jury, was as to the duration of the employment.

The only evidence offered on the part of the plaintiff was that of the plaintiff, while the only evidence offered on the part of the defendants was that of the defendant Ryer. The only parties present when the contract was made were the parties to the contract. The company continued giving performances until June 1, 1889, a period of 40 weeks. The defendant, on his cross-examination, was asked: "*Question.* That play which you say was not a success has been performed from August, 1888, to the present time? *Answer.* Yes; every season,—that season of 1888 lasted until about June 1st." The trial justice, we think, was extremely liberal in admitting testimony on both sides. The exception taken at folio 49 was not well taken.

The defendants' counsel moved to dismiss the complaint upon the following grounds:

1. "That, according to the testimony of the plaintiff, the term of employment was for a year, to commence in August, the engagement being made in June, which was contrary to the statute of frauds, being an agreement not to be performed within a year, and not in writing." After a careful examination of the testimony of the plaintiff, we cannot agree with the statement of counsel in his motion to dismiss, viz., that "the term of employment was for a year." Plaintiff testified as follows: "He [Ryer] said, 'Well, we will have a long season, 35 or 40 weeks, perhaps a year.'" The statute of frauds does not include contracts which may or may not be performed within one year from the making thereof, but merely those which within their terms, and consistent with the rights of the parties, cannot be performed within that time. See *Smith* v. *Conlin*, 19 Hun, 234. In the case at bar the season terminated within one year from the making of the contract. The contract was made in June, 1888, while the season of the "Two Sisters Company" terminated June 1, 1889. See, also, evidence of the defendant Ryer.

2. "That it is incumbent upon the plaintiff to prove that the play was a success before she can recover." The question as to the success of the play was submitted to the jury by the trial justice in his charge at folios 76 and 77, and the jury, having rendered their verdict in favor of the plaintiff, evidently passed upon the question of success, as the presumption is that the jury obeyed the instruction of the trial justice. We also think that there are no merits in the other exceptions, and that they were not well taken. The case was fully and fairly submitted to the jury by the trial justice upon the issues before the court.

In his charge the trial justice stated as follows: "Of course, it is for you to determine what was the true meaning of the parties in entering into this contract. If you find the plaintiff's version of it is correct, she is entitled to your verdict for such sum as you may find is due her, and she claims that $837.65 is due her. Of course, if you believe the defendants' version, your verdict will be for the defendants." No exception was taken thereto. Defendants' counsel asked the court to charge the jury that they must find the term of employment,—for how long it was. "*The Court:* Of course, they must determine what was the term of employment. If it was by the week, the defendants

had a right to discharge her; or if it was on two weeks' notice, they had a right to discharge her on two weeks' notice; if it was for the season, they had no right to discharge her until the season expired." No exception was taken thereto, and no further request to charge as to the time of the contract was made. The jury on the question of fact, by their verdict, found that the contract was as stated by plaintiff. And judgment must be affirmed, with costs to the respondent. All concur.